UNITED STATES *v.* ANTONIO POMPEO (No. 4842)[1]

United States Court of Customs and Patent Appeals, November 4, 1955

*Warren E. Burger*, Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section) *Richard H. Welsh* and *Alfred A. Taylor, Jr.*, trial attorneys, of counsel), for the United States.

[1] C. A. D. 602.

*Barnes, Richardson & Colburn* (*Eugene F. Blauvelt* of counsel) for appellee.

[Oral argument October 5, 1955, by Mr. Welsh and Mr. Blauvelt]

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, and COLE, Associate Judges

COLE, Judge, delivered the opinion of the court:

In this case the Government appeals from a decision of the United States Customs Court, one judge dissenting, which upheld importer's claim that certain superchargers, designed for use on automobiles, were properly classifiable as parts for automobiles and dutiable at 12½ per centum ad valorem under paragraph 369 (c) of the Tariff Act of 1930 as modified by the General Agreement on Tariffs and Trade, T. D. 51802. The involved superchargers had been classified by the collector as "machines" not specially provided for and assessed with duty at the rate of 15 per centum ad valorem under paragraph 372 of the Tariff Act of 1930 as modified by the General Agreement, *supra*.

Alternative claims which had been made by the importer before the Customs Court are not before us in the absence of a cross-appeal. Since it was conceded upon oral argument before this court that if the merchandise was not properly classifiable under paragraph 369 as modified, that the collector's classification under paragraph 372 as modified would apply, the only question before this court is whether or not the imported superchargers are "parts for automobiles" within the meaning of paragraph 369 as modified, as was found by the majority of the Customs Court.

Paragraph 369 (b) of the Tariff Act of 1930 reads as follows:

(b) All other automobiles, * * *, all the foregoing, whether finished or unfinished, 10 per centum ad valorem.

Paragraph 369 (c) was modified to read as follows by the General Agreement on Tariffs and Trade:

369 (c) Parts (except tires and except parts wholly or in chief value of glass) for any of the articles enumerated in sub-paragraph (a) or (b) of paragraph 369, Tariff Act of 1930, finished or unfinished, not specially provided for:

| | |
|---|---|
| For motor cycles | 15% ad val. |
| Other | 12½% ad val. |

The present importation consists of sixty "superchargers" which are devices used to increase the power of automobile engines by, in general, increasing the pressure at which the gasoline-air mixture is fed into the motor. Forty of the imported superchargers are designed for installation in Ford engines (or in Mercury engines which have the same block), and the other twenty for installation in Austin engines. The undisputed testimony indicates that the imported superchargers are designed specifically for use on automobiles; that

extensive alterations in the engines are necessary to install the super-chargers; that Ford automobiles and Austin automobiles as manufactured do not have superchargers; that some makes of automobiles have been manufactured with superchargers; that superchargers are made for automobiles other than Fords or Austins, and are also sometimes installed on trucks and busses; that the Ford engine and the Austin engine will operate if no supercharger has been installed therein; and that once a supercharger has been installed in a Ford or Austin engine the engine will not operate if the supercharger fails.

The position of the appellant in this case is that since neither the Ford nor the Austin automobile was designed to operate with a supercharger, the imported superchargers cannot be "parts" for those automobiles, since the automobiles run well enough without them. In support of its argument appellant relies heavily upon the rule laid down by this court in *United States* v. *Willoughby Camera Stores, Inc.*, 21 C. C. P. A. (Customs) 322, T. D. 46851. That case involved the tariff status of camera tripods which had been designed for use with certain cameras, which cameras could not operate satisfactorily without some such support. In holding that the tripods were not "parts of cameras" this court said,

It is a well-established rule that a "part" of an article is something necessary to the completion of that article. It is an integral, constituent or component part, without which the article to which it is to be joined, could not *function as such article.*

In conjunction with the rule just quoted from the *Willoughby* case, the Government seems necessarily to rely upon the familiar rule that classification is to be determined by condition at time of importation. The Government's argument seems to run thusly: By the *Willoughby* rule a supercharger is not a part for an automobile unless the automobile would not function as such without the supercharger; but at time of importation the Ford and Austin automobiles function as automobiles without superchargers, and hence the imported super-chargers are not parts for automobiles as of the time of their importation.

Appellee's position is that the facts of the *Willoughby* case are different from those in this case, and that certain other cases of this court are properly applicable. *Stoeger* v. *United States*, 15 Ct. Cust. Appls. 291, T. D. 42472, held that 32-shot magazine drums were parts of pistols even though the pistols were equipped upon importation with a regular 9-shot magazine. In *United States* v. *Carl Zeiss, Inc.*, 24 C. C. P. A. (Customs) 145, T. D. 48624, the court found that certain view finders designed to be substituted for the original view finders whenever the lenses were changed were parts of cameras. The court distinguished the *Willoughby* case from the facts in that case, stating that when the substituted lens and its corresponding finder

are installed upon the camera, "then the finder is necessary to the completion of the camera and is 'an integral, constituent, or component part, without which the article to which it is * * * joined, could not *function as such article.'"

The majority of the United States Customs Court, in sustaining importer's claim, was of the opinion that the fact that, once installed, the supercharger was an integral, constituent, and component part, without which the motor will not function, was sufficient to make the imported superchargers parts for automobiles within the purview of paragraph 369 (c) as modified. The court was impressed with the anomaly that would result from the opposite conclusion, since superchargers installed in automobile engines before importation would be parts, while superchargers designed and manufactured especially for installation in automobiles would not be parts for automobiles, when imported alone.

The court properly took judicial notice of the fact that numerous innovations have come into use in the automotive field in recent years, such as power steering, automatic transmissions, and power brakes, and felt that each improvement has created what is undoubtedly a new "part" of an automobile, even though not all cars are equipped with such innovations. The court inclined to the view that construing the *Willoughby* case as suggested by the Government would mean that the items covered by the word "parts" would not keep pace with the advancement in the automotive industry.

The view advanced by the Government before this court is substantially that taken by the dissenting judge below. Literally applying the wording of the *Willoughby* case, the conclusion is reached that, since Ford and Austin automobiles function normally and to the extent intended by their respective manufacturers without superchargers, superchargers are not parts for those automobiles. Also, apparently, the original automobile design would be the decisive factor in deciding the proper status of superchargers, since the dissenting opinion reads, "Until such time as automobiles are, in the first instance, designed to operate as motor vehicles equipped with superchargers, the latter would not, in my opinion, be parts of automobiles." The dissenting judge sees no anomaly in the fact that a supercharger would be a part of an automobile if an entire car with supercharger were imported, and would not be a part under the circumstances of this case. His reasoning is based upon the rule that condition at time of importation governs classification, and at time of importation a supercharger installed in an automobile would definitely be a part of that automobile but an uninstalled supercharger could not be said to be a part for any specific automobile.

Although the question presented is a close one, and much is to be said for the position of the dissenting judge, we are of the opinion

that the majority of the Customs Court reached the correct conclusion in this case. It will be observed that classification of parts, in the position taken by the Government and the dissenting judge, depends not upon the nature of the import but upon the production design of the automobile manufacturer. The dissenting judge indicates that if automobiles had been designed in the first instance to operate as motor vehicles equipped with superchargers, that he would classify superchargers as parts. In oral argument before this court, counsel for the Government also indicated that their position would be different if the Ford and Austin automobiles were manufactured with superchargers as standard equipment. We do not believe that this distinction is a sound one, since it is not based upon the undisputed nature and function of the imported article, but upon the commercial design of automobiles.

The deficiencies of appellant's position can be readily seen by considering some of the incongruous consequences of that position. Under the proposed test, if Ford automobiles were manufactured with superchargers and Austin automobiles were not, then some of the superchargers in the instant shipment would be parts, and the rest would not, even though they all perform the same function when installed. Likewise, superchargers imported to replace defective previously installed superchargers would be parts, but superchargers for new installation would not. If at some future time superchargers should be made optional equipment on American automobiles (as is now the case with automatic transmissions, etc.) the problems become even more perplexing.

We are of the opinion that the Government has misconceived the real issue before us. The problem is not whether or not automobiles are customarily manufactured with superchargers, but rather what is the nature and function of the imported superchargers. At the time of importation these superchargers, as the undisputed evidence clearly shows, are dedicated irrevocably for use upon automobiles. Such being the fact, it is unrealistic to attempt to determine the nature of the superchargers apart from their undisputed ultimate use. The *Willoughby* case upon which the Government relies so heavily did not turn upon the fact that the cameras were not designed to operate with tripods. As a matter of fact the court indicates at 21 C. C. P. A. (Customs) 323 that the cameras had "sockets" designed to receive the tripods. The court considered, rather, the function performed by the tripod when applied to its ultimate use, and concluded that in that use it was not a part of a camera. As we understand the *Willoughby* case, it would have made no difference in the result even if the tripods had been imported in physical attachment to the camera. Appellee is correct in his argument that the facts of the *Willoughby* case are different from those presented here.

The cases cited by appellee, in our opinion, clearly indicate that where an article at time of importation is dedicated to a specific use, the question of whether the article is a part must be determined from the nature of the article as it is applied to that use. In the *Zeiss* case, *supra*, the court said, "In the case at bar, where a camera for which the finders represented by Exhibits A and B are designed is equipped with a lens and its corresponding finder, *then* the finder is necessary to the completion of the camera and is 'an integral, constituent, or component part, without which the article to which it is * * * joined, could not *function as such article.*'" (First emphasis added.) The court did not consider whether the involved finders were parts of cameras considered *in vacuo*, but whether they were parts of cameras when they were applied to their intended use on the cameras. Similarly, in the *Stoeger* case, *supra*, the court did not consider whether pistols would operate without the drum magazine, for it was clear that pistols would fire with the regular magazine with which it was normally equipped. Rather, the court considered the function played by the drum magazine as it was placed in use upon the pistol, and determined that at that time it was a part of the pistol.

In the instant case there seems to be no doubt but that the involved superchargers are "parts" of automobiles after they are installed upon the automobiles. Since the imported superchargers at time of importation are dedicated solely for use upon automobiles, as previously pointed out, and since when applied to that use they clearly meet the definition of "parts" established by the *Willoughby* case, we are of the opinion that they were correctly classified as parts for automobiles.

The judgment of the Customs Court should be, and hereby is, *affirmed.*